## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND (BALTIMORE)

| | |
|---|---|
| JESSICA DAVIS,<br>       Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, LLC;<br>TRANS UNION LLC; MIDLAND CREDIT<br>MANAGEMENT, LLC; and ORIONS<br>MANAGEMENT GROUP, LLC;<br>       Defendants. | CASE NO.  1:24-cv-02338-JRR |

### DEFENDANT TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant consumer reporting agency Trans Union, LLC ("Trans Union"), submits the following Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (the "Motion").

The Motion should be granted in this case where *pro se* Plaintiff falsely alleges that Trans Union violated the Fair Credit Reporting Act by accurately reporting three accounts with a remark indicating she disputed the accounts with her creditors, which she admits that she did, because:

    A.    Plaintiff fails to allege any required inaccuracy in Trans Union's reporting and case law holds that an inaccuracy must be alleged for a claim under the FCRA; and

    B.    Trans Union cannot be liable for accurately reporting that Plaintiff disputed the accounts – even after she says the accounts were no longer in dispute – because Trans Union is statutorily required to report account dispute remarks when provided by the creditors and Plaintiff admits that the creditors did not tell Trans Union the accounts were no longer in dispute.

I. **INTRODUCTION**

Plaintiff Jessica Davis ("Plaintiff"), purportedly proceeding *pro se*,[1] alleges that Trans Union violated the FCRA when it accurately reported three accounts with a remark indicating the accounts were disputed by the consumer after Plaintiff did, in fact, dispute the accounts. *See generally* Complaint. Plaintiff alleges that she disputed the accounts "in or around 2023" but that "after reviewing documents from the original creditors…[she] no longer had any disputes about the accounts." *See id.*, ¶¶ 14-15. Plaintiff alleges that she disputed "the completeness and accuracy" of a Midland Credit Management ("MCM") account and a Jefferson Capital ("Jefferson") account with Trans Union and requesting that Trans Union "update this accordingly" because she no longer had her "previous contentions or impugns" about the accounts.[2] *See* Complaint, ¶ 23. Nowhere in Plaintiff's Complaint does she identify what her "previous contentions or impugns" were,[3] nor does she specify whether her previous disputes with the creditors were resolved. *See generally* Complaint.

Plaintiff believes that such accurate reporting is a violation of the FCRA, despite her failure to identify a single factual inaccuracy on any of the alleged accounts and despite a statutory

---

[1] The Complaint lists an address for Plaintiff in Essex, Maryland, but the Complaint was served upon Trans Union by someone named Synclair Myers from Puyallup, Washington.  Within the past year, there has been a large influx of unauthorized complaints filed by credit repair organizations or individual, non-attorney consumers purporting to offer self-help credit repair products for consumers.  In many instances, the consumers were unaware that a lawsuit was filed on their behalf.

[2] Plaintiff also alleges that Trans Union continued to report a dispute remark for an Orions account, but does not claim that she specifically advised Trans Union that this account was no longer in dispute.  *See* Complaint ¶¶ 23, 29-30, 32.

[3] Although it is not clear from the Complaint, it is likely that Plaintiff disputed these otherwise accurate but negative items on her credit in an attempt to artificially inflate her FICO credit score.  As explained by an online consumer organization called Credit Security Group, "[w]hen an account is disputed, it is sometimes, though not always, masked from consideration in the FICO scoring of your credit file. If the disputed account has negative information, the masking may increase your FICO score."  *See* How to Remove Dispute Wording from Your Credit Report, *available at* https://creditsecuritygroup.com/home/information-credit-scores-home-loan/how-to-remove-dispute-wording/ (last visited Aug. 16, 2024).

requirement that Trans Union report when a tradeline is disputed by a consumer. For these reasons, Plaintiff's claims fail and her Complaint should be dismissed.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint. It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. PX-21-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.     ARGUMENT

    **a. Plaintiff Fails To Allege Any Required Inaccuracy In Trans Union's Reporting And Case Law Holds That An Inaccuracy Must Be Alleged For A Claim Under The FCRA.**

Plaintiff's Complaint alleges that Trans Union violated Sections 1681e(b) and 1681i of the FCRA when it reported several accounts previously disputed by Plaintiff as being disputed by the consumer. *See generally* Complaint. In order to state a claim under Sections 1681e(b) and 1681i of the FCRA, Plaintiff must first allege that a consumer report contained inaccurate information. *See Brown v. Experian Credit Reporting*, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) (citing *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) and *Hinton v. Trans Union, LLC*, 654 F.Supp.2d 440, 451 (E.D. Va. 2009); *see also Brooks v. Midland Credit Management, Inc.*, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013).

Plaintiff does not make a single allegation that any substantive information contained in her consumer report was inaccurate. Instead, she merely takes issue with the subject accounts being reported as disputed, after she admits that she did, in fact, dispute the accounts. *See* Complaint, ¶ 14. While perhaps an admission that she at one point in time disputed the accounts could lend itself to an inference that some information on the subject tradelines was inaccurate at some point in time, Plaintiff does not identify what those inaccuracies might have been. *See generally id.* Moreover, Plaintiff admits that upon reviewing "documents from the original creditors that the collection accounts were associated with, [she] verified its contents and no longer had any disputes about the accounts." *See* Complaint ¶ 15.

Because Plaintiff has failed to allege a single required inaccuracy, she fails to state a claim under the FCRA and her Complaint should be dismissed.

    **b. Trans Union Cannot Be Liable For Accurately Reporting That Plaintiff Disputed The Accounts – Even After She Says The Accounts Were No Longer In Dispute – Because Trans Union Is Statutorily Required To Report Account**

**Dispute Remarks When Provided By The Creditors And Plaintiff Admits That The Creditors Did Not Tell Trans Union The Accounts Were No Longer In Dispute.**

Section 1681c(f) of the FCRA requires a consumer reporting agency ("CRA") to report that a consumer has disputed the account with their creditor. *See* 15 U.S.C. § 1681c(f) ("If a consumer reporting agency is notified pursuant to section 1681s-2(a)(3) of this title that information regarding a consumer who was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information."). Section 1681s-2 is titled Responsibilities of Furnishers, and subsection (a)(3) provides that "[i]f the completeness or accuracy of any such information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3).

As an initial matter, Plaintiff seems to be misconstruing when Trans Union is required to report a remark of "Account in Dispute." Courts have held that only when a consumer disputes an account with the creditor or furnisher, *not* the credit reporting agency, is the agency required to indicate on the consumer report that such tradeline is disputed. *See Flournoy v. Equifax Information Services, LLC*, 2021 WL 770779, at *3 (N.D. Ga. Nov. 3 2021) ("In other words, once a furnisher notifies a CRA that a consumer has disputed information regarding the furnisher's account, the FCRA requires the CRA to 'indicate that fact in each consumer report that includes the disputed information.'") (citing 15 U.S.C. § 1681s-2(a)(3) and quoting 15 U.C.C. § 1681c(f)). Only where a plaintiff informs the creditor that she no longer disputes the subject account, and the creditor in turn informs the CRA that the consumer no longer disputes the account, shall Trans Union remove the dispute remark. *See Jones v. Equifax Information Services, LLC*, 2021 WL 4988311, at *4-5 (N.D. Ga. June 14, 2021) (holding that where a plaintiff only informed the CRA

and failed to inform the furnisher that she no longer disputed the accounts and the furnisher therefore did not report the same to the CRA, the CRA is not liable for continued reporting of the dispute remark) (citing 15 U.S.C. § 1681c(f)).

Here, Plaintiff does allege that she informed the furnishers that she no longer disputed the accounts. *See* Complaint, ¶¶ 21-22. However, Plaintiff admits that, while the furnishers appeared to update the account information, the furnishers "did not communicate with Experian or Trans Union…that the account was no longer disputed." *See* Complaint, ¶ 33. As discussed above, a CRA is required to continue to report the dispute remark until the *creditor* informs it that the account is no longer disputed by the consumer. *See Jones*, 2021 WL 4988311 at *4-5. By Plaintiff's own admission, Trans Union never received notice from the creditor that the subject accounts were no longer in dispute, and therefore, Trans Union cannot be liable under the FCRA for reporting such a remark and Plaintiff's Complaint should be dismissed.

## IV.    CONCLUSION

For all the foregoing reasons, Trans Union respectfully requests that this Court grant the Motion, dismiss Plaintiff's Complaint with prejudice in its entirety, and grant any such further relief that the Court deems necessary and proper.

Respectfully submitted,

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (#98830)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail: sbrady@qslwm.com

*Counsel for Defendant Trans Union LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **19th day of August, 2024**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Joy Einstein, Esq. | Lauren M Burnette, Esq. |
|---|---|
| jeinstein@schulmanrogers.com | lburnette@messerstrickler.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **19th day of August, 2024**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Jessica Davis<br>1046 Bayner Rd.<br>Essex, MD 21221 |  |
|---|---|

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (#98830)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail: sbrady@qslwm.com

*Counsel for Defendant Trans Union, LLC*