IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSICA DAVIS,

    *Plaintiff*,

v.

TRANS UNION LLC,

    *Defendant*.

Civil No.: 1:24-cv-02338-JRR

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint. (ECF No. 13; the "Motion.") Plaintiff Jessica Davis has not opposed the Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.   BACKGROUND**[1]

Plaintiff initiated this action asserting violations of, relevant here, the Fair Credit Reporting Act ("FCRA").[2] (ECF No. 7 at p. 1.) On or about February 25, 2024, Plaintiff viewed her credit report and noticed that Midland Credit Management, Inc. ("Midland")[3] and Orions Management Group, LLC ("Orions"), both furnishers under the FCRA, "were furnishing information to her consumer credit reports stating that [she] disputed the accounts." (ECF No. 7 ¶¶ 4–7, 13.) Plaintiff admits she did originally dispute the accounts and balances as shown on the credit reports. *Id.* ¶ 14. However, Plaintiff later "no longer had any disputes," and "[s]ought to rectify the situation by

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 7.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).
[2] Plaintiff's Complaint (ECF No. 7) also asserted claims for violation of the Fair Debt Collection Practices Act against Defendants no longer parties to this case. (ECF Nos. 21, 27, and 30.) The Motion addresses all remaining claims and the only remaining Defendant.
[3] Plaintiff sued "Midland Credit Management, Inc.," but Midland's filings identify it as "Midland Credit Management, LLC."

contacting" Orions and Midlands. *Id.* ¶ 20. She also notified Defendant Trans Union LLC ("Trans Union" or "Defendant") and Experian Information Solutions, LLC ("Experian"), as consumer reporting agencies under the FCRA. *Id.* ¶¶ 10, 20. Specifically, Plaintiff mailed letters via the United States Postal Service to Orions and Midland advising that she no longer had "any contentions" about the accounts at issue. *Id.* ¶¶ 21–22. She also mailed letters to Defendant and Experian advising that the "previous contentions or impugns about the [specific accounts] are no longer had. Please update this accordingly." *Id.* ¶¶ 23–24.

Plaintiff then alleges as follows:

> 29. Upon information and belief . . . [Defendant] forwarded [Plaintiff's] Notice and all relevant information to [Orions and Midland].
>
> 30. Alternatively, . . . [Defendant] did not forward [Plaintiff's] Notice and all relevant information to [Orions and Midland].
>
> .   .   .
>
> 33. [Orions and Midland] updated their account information in June 2024 after receiving direct notices from [Plaintiff] the [sic] she no longer disputed the account but did not communicate with [Defendant] that the account was no longer disputed in violation of 15 U.S.C § 1692e(8).
>
> 34. [Orions and Midland], knowing [Plaintiff] no longer disputed the account information after receiving direct notice from [Plaintiff] prior, subsequently failed to conduct a reasonable investigation in violation of 15 U.S.C 1681s-2b after receiving further notice of dispute from [Defendant].
>
> 35. [Defendant], failed to do any investigation and, at most simply parroted back what the furnishers told them.

(ECF No. 7 ¶¶ 29–30, 33–35.)

Ultimately, Plaintiff "did not receive the investigation results from [Defendant]," and her updated credit report still showed that Orion and Midland's "last reported errant Trade line" after receipt of her letters. *Id.* ¶ 32.

On or about July 3, 2024, Plaintiff filed her Complaint in the Circuit Court for Baltimore County, Maryland. (ECF No. 1-2.) Defendant removed the action to this court on August 12, 2024. (ECF No. 1) As referenced above at note 2, Plaintiff's Complaint was subsequently dismissed by stipulation as against a number of Defendants; Defendant Trans Union is the sole remaining Defendant. As against Defendant Trans Union, Plaintiff asserts violations of the FCRA under 15 U.S.C. § 1681e(b) (Count III) and 15 U.S.C. § 1681i (Count IV). (ECF No. 7 ¶¶ 137–153.) Defendant moves to dismiss all claims against it. (ECF No. 13.) Plaintiff did not respond to or oppose the Motion.

## II.     LEGAL STANDARD

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.   ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310,

4

314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Fair Credit Report Act Claims

The FCRA "seeks to promote 'fair and accurate credit reporting' and to protect consumer privacy" through the regulation of "consumer reporting agencies that compile and disseminate personal information about consumers." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021). Under the FCRA, consumer credit reporting agencies are required to maintain "reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the . . . accuracy . . . of such information." *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 499–500 (4th Cir. 2007) (quoting 15 U.S.C. § 1681(b)).

Plaintiff's claims against Defendant arise under two provisions of the FCRA: § 1681e(b) and § 1681i. (ECF No. 7 ¶¶ 137–53.) Section 1681e(b) "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy' in consumer reports." *TransUnion*, 594 U.S. at 418 (quoting 15 U.S.C. § 1681e(b)). More specifically, § 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i, in turn, provides: "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ." 15 U.S.C. § 1681i(a)(1)(A).

"To make out a 'violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.'" *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). "To prevail on a claim for violation of Section 1681e(b), a plaintiff must prove that: (1) [her] consumer report contains inaccurate information; (2) the [credit reporting agency] did not follow reasonable procedures to assure maximum possible accuracy of that consumer report; and (3) damages." *Letren v. Trans Union, LLC*, No. CV PX 15-3361, 2017 WL 445237, at *6 (D. Md. Feb. 2, 2017). Similarly, to state a claim for violation of Section 1681i, Plaintiff must allege "(1) that she disputed the accuracy of an item in her credit file; (2) the [credit reporting agency] failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [credit reporting agency] could have uncovered the inaccuracy." *Simmons v. TransUnion, LLC*, 712 F. Supp. 3d 629, 635 (D. Md. 2024) (citations omitted).

Both claims require that Plaintiff allege an inaccuracy in her credit report.[4] *See Henderson v. Source for Pub. Data, L.P.*, 53 F.4th 110, 125–26 (4th Cir. 2022) (noting that "Fourth Circuit precedent requires that a plaintiff bringing a claim under . . . § 1681e(b) . . . show the defendant's 'consumer report contains inaccurate information'") (quoting *Dalton*, 257 F.3d at 415); *Alston v.*

---

[4] Defendant asserts that Plaintiff's claim should be dismissed because her claims that arise from a dispute about a dispute notation is not an inaccuracy. Defendant offers no authority to support this assertion. The court appreciates that a dispute about a dispute notation may not constitute inaccurate information under the FCRA, which is to say that such a "dispute" may not fall within the Fourth Circuit's definition of inaccuracy, meaning "patently incorrect" or misleading. *See Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). However, while some courts have reasoned that a dispute about a dispute notation is not an inaccuracy to support a claim under the FCRA, *see, e.g.*, *Drummond v. Equifax Info. Servs., LLC*, No. 5:20-CV-1362-DAE, 2021 WL 8055631, at *4 (W.D. Tex. July 14, 2021), others have not noted the same insufficiency. *See e.g.*, *Troy v. Equifax Info. Servs., LLC*, No. CV-20-01447-PHX-SPL, 2021 WL 3191232, at *5 (D. Ariz. July 28, 2021); *Ennis v. Equifax Info. Servs., LLC*, No. 7:20-CV-143 (HL), 2021 WL 4944801, at *6 (M.D. Ga. Oct. 22, 2021). Where Defendant has failed to offer any legal support for its assertion, the court will not undertake extensive analysis on its own. The court's preliminary review of the caselaw does not reveal a clear line of authority on this issue, which Defendant has not attempted to address fully.

*Equifax Info. Servs., LLC*, No. CV TDC-13-1230, 2016 WL 5231708, at *10 (D. Md. Sept. 21, 2016) (holding that "to succeed on claims under § 1681i(a), a plaintiff must make a threshold showing of inaccuracy"). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect." *Dalton.*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)).

Defendant challenges the basis for Plaintiff's claims against it, asserting that, as a credit reporting agency under the FCRA, 15 U.S.C. § 1681c(f), it is required to report that a consumer has disputed an account with her creditor. (ECF No. 13-1 at p. 5). Indeed, § 1681c(f) provides:

> If a consumer reporting agency is notified pursuant to section 1681s–2(a)(3) of this title that information regarding a consumer who was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information.

15 U.S.C. § 1681c(f). Thus, because Plaintiff alleges that the furnishers did not communicate to Defendant that the account was no longer disputed, Defendant was obligated under the FCRA to report the dispute remark. (ECF No. 13-1 at p. 6; ECF No. 7 ¶ 33.)

A decision out of the District of Arizona, however, explains that courts have reached different conclusions when determining whether a plaintiff may maintain claims against a credit reporting agency under §§ 1681e(b) and 1681i where the credit reporting agency itself was notified of the dispute:

> [T]he [consumer reporting agency] need not wait to hear from a furnisher that has learned of an inaccuracy directly from a customer — in fact, § 1681i(a) "expressly contemplates" direct notification to the CRA by the consumer. *See Wheeler v. Trans Union LLC*, No. CV-17-03328-PHX-JAT, 2018 WL 2431876, at *4 (D. Ariz. May 30, 2018) (citing § 1681i(a)(1)(A)). Defendant argues *Wheeler* does not apply to this case because there the Court focused on the reasonableness of the defendant's procedures and not whether

7

> defendant had an obligation to remove a dispute notation unless told to do so by the furnisher.
>
> \*\*\*
>
> Defendant also provided the Court with several Northern District of Georgia cases it claims are on-point as to both alleged FCRA violations. Article I magistrate judges in the Northern District of Georgia recently found §§ 1681e(b) and 1681i claims against CRAs could not be maintained when the plaintiff failed to report the erroneous notation directly to the furnisher under § 1681s-2(a)(3). *See Carol Jones v. Equifax Info. Servs., LLC, et al.*, No. 2:20-cv-00253-RWS, ECF No. 34 at 13–18 (N.D. Ga. June 14, 2021). . . . However, in other cases in the Northern District of Georgia, the magistrate judges found that if the plaintiff *could have* or *had* alleged that they reported the inaccurate information directly to the CRA, the claim against the CRA could proceed. *See, e.g.*, *Griffin v. Equifax Info. Servs., LLC, et al.*, 1:20-cv-02316-CCB, ECF No. 65 at 17 (N.D. Ga. July 21, 2021); *Jordan v. Equifax Info. Servs., LLC, et al.*, 3:20-cv-00199-TCB-RGV, ECF No. 68 at 41–43 (N.D. Ga. July 21, 2021).

*Troy v. Equifax Info. Servs., LLC*, No. CV-20-01447-PHX-SPL, 2021 WL 3191232, at \*3–4 (D. Ariz. July 28, 2021) (record citations omitted) (footnotes omitted).

Notwithstanding the court's analysis above, Plaintiff's pleadings are, in fact, deficient as to Defendant. Plaintiff simultaneously alleges that Defendant forwarded her notice that she no longer disputed the accounts, and all relevant information related thereto, to the furnishers at issue (ECF No. 7 ¶ 30), and that Defendant "did not forward" Plaintiff's notice. *Id.* ¶ 31. Relatedly, Plaintiff later alleges simultaneously that Defendant "failed to do any investigation" and that it "at most simply parroted back what the furnishers told them." *Id.* ¶ 35.

A plaintiff is of course free to present alternative bases to her claims, *see* FED. R. CIV. P. 8(d)(2). The issue here is not that Plaintiff proceeds with alternative legal theories; rather the problem is that she alleges material facts that directly contradict one another. On the one hand, Plaintiff alleges Defendant learned of the dispute, immediately notified the furnisher (the entity

that reports the dispute) and provided all relevant information, informed Plaintiff of its communications with the furnisher, and continued to report the dispute consistent with its requirements under § 1681c(f). On the other hand, Plaintiff alleges that Defendant learned of the dispute, never contacted the furnisher, and never investigated the dispute. These competing narratives are materially different in ways that bear on the sufficiency of Plaintiff's pleading. While Plaintiff at the 12(b)(6) stage is entitled to favorable construction of her allegations, including all reasonable inferences drawn therefrom, the Rules do not countenance material direct contradictions among allegations that bear on the same defendant.

Based on Plaintiff's contradictory material factual allegations, the court is unable to determine whether her allegations are sufficient to allege plausible FCRA claims. *See* FED. R. CIV. P. 12(b)(6). Similarly, her Complaint fails to provide a "short and plain statement" of her claims showing that she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). This matter is further complicated by Plaintiff's decision not to respond to Defendant's Motion, thereby conceding its points. *See Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D. Md. 2010) (explaining that a plaintiff "abandon[s]" her claim where she failed to respond to argument).

In view of its foregoing analysis, the court will dismiss Plaintiff's Complaint without prejudice. However, cognizant of Plaintiff's status as a *pro se* litigant, the court will permit Plaintiff leave to amend her Complaint to correct these deficiencies.

## IV.   CONCLUSION

Accordingly, it is this 21st day of March 2025,

**ORDERED** that Defendant's Motion (ECF No. 13) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiff's Complaint (ECF No. 7) shall be, and is hereby, **DISMISSED without prejudice**; and further it is

**ORDERED** that Plaintiff shall be, and is hereby, given leave to amend her Complaint within twenty (20) days of entry of this memorandum opinion and order. Any such amended complaint shall observe and be consistent with the court's analysis herein, and shall comply with the Federal Rules of Civil Procedure and the Local Rules of this court. Plaintiff is advised that failure to file her amended complaint within the time set forth above will result in termination of her case without further notice.

Madam Clerk shall transmit a copy of this memorandum opinion and order to Plaintiff and all counsel of record.

/s/_____
Julie R. Rubin
United States District Judge